UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA LOPES,

        Plaintiff,

- against -

FIRST UNUM INSURANCE COMPANY,

        Defendant.
------------------------------------------------------------X

**ORDER**
09-CV-02642 (RRM)(SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

## BACKGROUND

Plaintiff Barbara Lopes brought this action seeking monetary and equitable relief against defendant First Unum Life Insurance Company under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, challenging Defendant's denial of disability benefits. (Compl. (Doc. No. 1) ¶¶ 1, 10.) Defendant counterclaimed, seeking judgment for collateral offset. (Answer & Conditional Countercl. (Doc. No. 3) 2.) On March 30, 2011, this Court issued a Memorandum and Order denying plaintiff's motion for summary judgment in its entirety, granting defendant's motion for summary judgment dismissing plaintiff's claims, and denying defendant's motion for summary judgment as to its counterclaim for collateral offset. *See Lopes v. First Unum Life Ins. Co.*, No. 09-CV-2642 (RRM)(SMG) (Doc. No. 21), 2011 WL 1239899, at *11 (Mar. 30, 2011); (Def.'s Mot. for Summ. J (Doc. No. 11) at 1; Pl.'s Mot. for Summ. J. (Doc. No. 15) at 1). This Court later denied reconsideration of that motion on December 27, 2011. (Order denying Motion to Alter Judgment (Doc. Mo. 26).)

The parties then participated in several telephonic conferences with Magistrate Judge Gold, in an effort to resolve the outstanding counterclaim. The minute entry for each of those

conferences noted plaintiff's repeated failure to decide whether to accept terms presented by the defendant for a resolution, or, alternatively, to litigate further. (*See, e.g.*, Doc. Nos. 27–29.) On April 2, 2012, defendant filed a letter motion for an order allowing voluntary dismissal of the counterclaim without prejudice. (Doc. No. 30.) On August 24, 2012, this Court issued an Order to Show Cause by August 30, 2012 why defendant's counterclaim should not be dismissed without prejudice. (*See* Dkt. Entry dated Aug. 24, 2012.) The Order notified plaintiff that "failure to respond as hereby ordered will result in dismissal of the counterclaim without prejudice." (*Id.*) As of September 4, 2012, plaintiff has failed to respond to the Court's Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that, where an answer has been served and the parties refuse to stipulate to dismissal, an action may be dismissed at the party's request only by court order, on terms that the court considers proper. *See Dzanoucakis v. Chase Manhattan Bank, USA*, No. 06 Civ. 5673 (JFB) (ARL), 2008 WL 820047, at *2 (E.D.N.Y. Mar. 25, 2008). Although voluntary dismissal without prejudice is not a matter of right, courts in this circuit presume that a party's motion to dismiss its own claims without prejudice should be granted. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 36 (E.D.N.Y. 2003).

> Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if "the [counter-]defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the [counter-]plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the [counter-]plaintiff's part, (3) the extent to which the suit has progressed, including the [counter-]defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the [counter-]plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

*Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006).

## DISCUSSION

Here, the Court is aware of no plain prejudice that the plaintiff would suffer if defendant's counterclaim is dismissed without prejudice. Dismissal obviates the need here for additional motion practice and/or trial, saving time and resources that are best reserved in the event the counterclaim is revived in a new action. Moreover, defendant was neither dilatory nor vexatious in bringing its counterclaim. In fact, it is the plaintiff/counter-defendant has caused delay in moving the counterclaim forward. Despite an order from the magistrate judge that plaintiff develop a firm position on the settlement offer, the aim of which was to allow the case to move forward either toward resolution or trial, plaintiff reported again and again that she had failed to come to a decision as to the offer. (*See, e.g.*, Doc. Nos. 27–29.) Finally, plaintiff failed to respond to this Court's Order to Show Cause, despite being on notice that to do so would result in dismissal. A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Plaintiff's failure to respond to this Court's order provides additional grounds for dismissal.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that defendant's motion to voluntarily dismiss the remaining counterclaim without prejudice in accordance with Rule 41(a)(2), (Doc. No. 30), is GRANTED. As this Order disposes of all outstanding claims, the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       September 7 , 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge